[L. A. No. 628.   Department Two.—November 2, 1899.]

F. G. CALKINS et al., Respondents, v. EQUITABLE BUILD-
ING AND LOAN ASSOCIATION OF THE UNITED
STATES, Defendant and Appellant.   ROBERT YEO-
MANS, as Executor, et cetera, of Daniel Calkins, Deceased,
Intervenor and Appellant.

Gift of Stock—Indorsement—Delivery—Reservation of Dividends.
An indorsement of a certificate of stock in a corporation, and
the delivery thereof to the indorsee without consideration, with
the intent to make a present transfer, is sufficient to constitute
a valid gift, although by the terms of the indorsement the donor
reserved to himself the right to the dividends during his life,
and at the time of the transfer requested the donee to preserve
the certificate intact until after his death, and to use a portion
of the proceeds of the stock for a specified purpose.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial.   Wal-
ter Van Dyke, Judge.

The facts are stated in the opinion.

Flint & Barker, for Appellants.

The evidence is insufficient to show a valid gift.   (*Basket v.
Hassell*, 107 U. S. 602; *Gannon v. McGuire*, 47 N. Y. Supp. 870;
22 N. Y. App. Div. 43; *Hart v. Ketchum*, 121 Cal. 426; *Daniel
v. Smith*, 75 Cal. 548; *Zeller v. Jordan*, 105 Cal. 143; *Scott v.
Lauman*, 104 Pa. St. 593; *Appeal of Walsh*, 122 Pa. St. 177;
9 Am. St. Rep. 83; *Dow v. Gould etc. Co.*, 31 Cal. 650; *Balti-
more etc. Co. v. Mali*, 65 Md. 93; 57 Am. Rep. 304; *Knight v.
Tripp*, 121 Cal. 674.)

F. M. Porter, and J. W. Swanwick, for Respondents.

GRAY, C.—This action was brought for the purpose of ob-
taining the mandatory decree of the superior court directing
the defendant corporation to transfer certain certificates of
stock on its books and issue new certificates to plaintiffs in
place of those which the complaint alleges had been heretofore
issued to one Daniel Calkins, and by him assigned to these
plaintiffs.   Daniel Calkins having died subsequently to the said

assignment, Robert Yeomans intervened as the executor of the last will of said Daniel Calkins, and claimed that the said assignment was void and that the said shares of stock were a part of the estate of said deceased. The plaintiffs had judgment in accordance with the prayer of their complaint, and from this judgment and an order denying a new trial the defendant and the intervenor appealed. The cause was tried without a jury, and the court found on the question of the transfer as follows: "That the transfer of said stock from Daniel Calkins to plaintiffs was voluntarily made by said Daniel Calkins, upon the consideration of love and affection which said Daniel Calkins bore to them, and not otherwise; that said Daniel Calkins did not intend to make a testamentary disposition of said stock to plaintiffs; that said Daniel Calkins did intend to transfer and deliver the same to plaintiffs upon the thirtieth day of December, 1896; . . . . that thereupon, upon said date, said Daniel Calkins delivered said certificates of stock to plaintiff F. G. Calkins; that said certificates have been in the possession of plaintiffs ever since said date in their own right, and not as custodians of the papers of said Daniel Calkins."

It is contended by appellants that the evidence does not support the findings and that the findings do not sustain the judgment of the court. The only question presented in the briefs of counsel relates to the validity of the assignment of the said certificates of stock. The testimony of the plaintiff F. G. Calkins, as it appears in the transcript, is as follows:

"I am one of the plaintiffs in the case, and a nephew of Daniel Calkins, deceased; on the thirtieth day of December, 1896, said Daniel Calkins called at my office, in the city of Los Angeles, and, stating to me that he thought a great deal of my wife and myself and desired in some way to remember us, produced the two certificates of stock mentioned and described in the complaint of plaintiffs herein. He said that he desired to have the stock transferred to us in such a way as to enable him to retain the dividends thereon while he lived. As this condition in the transfer of stock was unusual, he suggested that I have the assignment drawn up by an attorney. Accordingly, I took the certificates of stock which he handed me to the office of Mr. F. M. Porter, an attorney, and explained the matter to him,

whereupon the following indorsement was written upon the certificates, and each of them, to wit:

" 'For value received, I hereby sell, assign, transfer, and set over to F. G. Calkins and Rosamond A. Calkins the shares of stock within mentioned, reserving to myself the dividends declared upon the same during my life, and authorize the secretary of said association to enter such transfer on the books of said association. Witness my hand and seal this thirtieth day of December, 1896.'

"I returned with the certificates of stock to my office, the assignment as indorsed on the certificates was read over to Daniel Calkins, and was satisfactory to him (he had not accompanied me to the office of the attorney). He thereupon signed his name to the said indorsement, and his signature was witnessed by the two witnesses whose names are indorsed on the certificates as witnesses. He then placed the certificates of stock in an envelope and handed the same to me. I suggested it—that we put it in an envelope. After handing the stock to me, he suggested that if it was agreeable to us he would like part of the money to go to give my son Fred an education, or something to that effect. He also said that he did not want his people to know that he made the gift. Thereupon, partly at his dictation, I wrote upon the envelope containing the stock the following indorsement:

" 'Los Angeles, Cal., Dec. 30, 1896.

" 'Dear Fred and Rose: In handing you this envelope I wish to make the following request: That the envelope shall not be opened for one month after my death, and that you give to your son Fred one-third of the value therein, for his exclusive use. It is my desire that nobody but myself shall know the contents hereof.'

"He then signed his name to said writing. This envelope containing the stock was then left in my possession, and was by me placed in the safe in my office. Daniel Calkins had previously intrusted to me for safekeeping certain valuable papers which I kept in the same safe, but in a different compartment from that in which I placed the envelope containing the stock."

On cross-examination, the witness testified, in substance: "At the time the envelope was handed to me, and the indorsement

written thereon, I did not notice that the envelope was unsealed. The day after the death of Daniel Calkins, I noticed that fact and thereupon sealed the envelope. This I did because Daniel Calkins really intended that it should be sealed, and I intended that it should; it was simply an oversight of mine that it was not sealed; it was agreed between us that it should be sealed. Within a week after the death of Daniel Calkins I opened the envelope, took the stock to the office of the Equitable Building and Loan Association, and asked to have it transferred on the books of the association to my name and new certificates issued, which was refused. I never presented the stock for transfer during the lifetime of Daniel Calkins. There was no consideration paid for the stock; it was not a sale; it was a gift."

This testimony of plaintiff Calkins was corroborated in several particulars and was not contradicted at all, and the court finds the several facts to which it relates in exact accord with said testimony. The question is, Do the evidence and findings show a complete and executed gift of the stock in question by deceased in his lifetime to the plaintiffs? "A gift is a transfer of personal property, made voluntarily and without consideration." (Civ. Code, sec. 1146.) "Whenever the capital stock of any corporation is divided into shares, and certificates therefor are issued, such shares of stock, except as hereinafter provided, are personal property, and may be transferred by indorsement by the signature of the proprietor, his agent, attorney, or legal representative, and the delivery of the certificate; but such transfer is not valid, except as to the parties thereto, until the same is so entered upon the books of the corporation as to show the names of the parties by whom and to whom transferred, the number of the certificate, the number or designation of the shares, and the date of the transfer." (Civ. Code, sec. 324.) Everything necessary to a complete transfer of the stock, as between the parties, was found by the court to have been done by them in the lifetime of Daniel Calkins, and it is also found that these things were done with the intent to make a present transfer, and not with the intent to make a testamentary disposition. We think these findings are fully warranted by the evidence, and that the conclusion of the trial court that a valid

transfer of the stock was effected is fully supported. Whether an actual gift and transfer of the stock was accomplished depended principally upon the intention of the alleged donor. The case of *Ruiz v. Dow,* 113 Cal. 490, is similar, in the principles involved, as well as in the facts considered, to the case now under consideration. The decision in that case we regard as sound, and an examination of it we think will show that it disposes effectually of every point of importance contained in appellant's brief in this case, and that no judgment other than the one entered in this case could have been rendered herein consistently with that decision. The fact that the donor reserved to himself the right to the dividends during his life did not affect the validity of the gift. The gift and transfer of the stock were accomplished by the written assignment and delivery of the stock with the intention to make a gift thereof to plaintiffs. The donor thereby gave up to plaintiffs the title and control of the stock, and he could not thereafter revoke the gift. The donees became the owners of the stock and might have conveyed it away to a third party in the lifetime of the donor, subject to the reservation contained in the written assignment. Of course, the donor did not give away or pass title to the dividends which he had expressly reserved, but every other interest and right in the certificates and in the stock represented thereby passed to the donees. The cases of *Zeller v. Jordan,* 105 Cal. 143, and *Hart v. Ketchum,* 121 Cal. 426, and the other California cases relied on by appellant, differ materially as to their facts from the case now under consideration and furnish no guide for this decision.

We advise that the judgment and order be affirmed.

Cooper, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., McFarland, J., Temple, J.

Hearing in Bank denied.