Argued September 13, 1971, affirmed as modified May 11, 1972

BURESH, *Respondent and Cross-Appellant, v.*
FIRST NATIONAL BANK OF OREGON,
*Appellant.*

496 P2d 913

*Harold D. Gillis,* Eugene, argued the cause for appellant. On the briefs were Butler, Husk & Gleaves, Eugene.

*Sidney E. Thwing,* Eugene, argued the cause for respondent and cross-appellant. With him on the briefs were Thwing, Atherly & Butler and Randall E. Thwing, Eugene.

O'CONNELL, C.J.

This is an action of replevin to recover 31 certificates of stock bearing the names of William A. Seman and Lorraine M. Buresh as joint tenants with right of survivorship and to recover damages resulting

from withholding the stock. The stock certificates had been deposited in one of defendant's safe deposit boxes. Defendant was the executor of Mr. Seman's Oregon estate and the certificates were released to it in that capacity. Defendant appeals from a judgment for plaintiff. The court also entered judgment for damages in favor of plaintiff, but stayed execution on the judgment until defendant's right to indemnity as an executor could be determined in the probate department of the circuit court. Plaintiff cross-appeals from the order staying the execution of the judgment.

Plaintiff is the daughter of William A. Seman and Anna Seman. Plaintiff's parents were divorced when she was a young child. Her father left Chicago when plaintiff was eight years of age, and he had no further contact with plaintiff until June 1956 when, after locating her in the Chicago area through the Salvation Army Missing Persons Bureau, he wrote her a letter in which he stated, in part:

"I have a heart condition and my health is not too good, but am able to travel and take care of myself, personally I do not think it is too serious, and might live quite a number of years and again not. I live by one of the largest lakes in California and am alone, have property consisting of a two bedroom home and another smaller house on an adjoining lot, also other personal property, which you will inherit.

"It will be necessary for us to get together, at some time, so that I can assign this property and other assets in your name and mine, so that there will be no complications in the event of my death, and you would immediately step in and take over. I would not want the estate and assets to go through a public administrators hands or through a lawyer. Generally there is not much left for the heirs."

In August 1956, plaintiff and her husband were guests of Mr. Seman in his home in California. During their visit, Mr. Seman took plaintiff and her husband to the offices of his stockbroker, Wesley P. Craig, of the Dean Witter Company at Santa Rosa, California where, after introducing his daughter to Mr. Craig, he made arrangements to change his securities account from William A. Seman, a single account, to William A. Seman and Lorraine M. Buresh, a joint account, and instructed Mr. Craig that all future stock purchases were to be made in the names of William A. Seman and Lorraine M. Buresh as joint tenants. Mr. Seman also made arrangements to transfer his existing stocks from his name to himself and Lorraine M. Buresh as joint tenants.

As instructed, Mr. Craig effected the change of Mr. Seman's securities account from a single account to a joint account in the names of William A. Seman and Lorraine M. Buresh, and all stock purchases made by Mr. Craig through Dean Witter Company thereafter for Mr. Seman were made in the names of William A. Seman and Lorraine M. Buresh as joint tenants with right of survivorship. Also, in accordance with Mr. Seman's instructions, all stock certificates purchased by Mr. Craig were mailed to Mr. Seman as were all dividends received from the stock.

William A. Seman died in Woodland, California, on November 6, 1968. On December 31, when his safety deposit box at the Eugene Main Branch of the First National Bank of Oregon was inventoried, a representative of the State Treasurer's office found 31 certificates of stock representing shares in at least eight different corporations and mutual funds bearing the names of William A. Seman and Lorraine M. Buresh as joint tenants.

In addition to the certificates of stock, there were among other things eight blank "Assignment Separate From Certificate" forms clipped together and separate from the securities, all signed by Lorraine M. Buresh. None of the forms were completed.

The plaintiff made demand upon the defendant to deliver to her all certificates of stock bearing the names of William A. Seman and Lorraine M. Buresh as joint tenants with right of survivorship. The bank refused and this action was instituted.

At all times concerned, William A. Seman was a resident and inhabitant of California and so far as is known all of the securities involved were purchased in California. Both parties accept the proposition that the case is controlled by California law.

The trial court held that a valid inter vivos gift was effected, vesting in plaintiff an interest as joint tenant which ripened into complete ownership upon the death of her father.

Defendant contends that a gift was not effected for lack of delivery.

■ We affirm. The evidence clearly establishes Mr. Seman's intent to make a gift of the shares of stock to plaintiff. The only question is the sufficiency of the evidence to prove the requirement of delivery. Applying the law of California, we find that this element was also satisfied. Although we have found no California case directly in point, there are several which we think are dispositive.

In *Lynch v. Lynch,* 124 Cal App 454, 12 P2d 741 (1932), the defendant decided to give certain stock in two corporations to some of his heirs, including the plaintiff. However, he wished to retain control of the

corporations and a part of the dividends that might thereafter be declared. In consequence, he had stock certificates issued in the names of the various heirs, including plaintiff, the same being noted in the stock transfer books of the corporations. Defendant informed the plaintiff of the transfer and, to keep control of the corporations, obtained from the plaintiff a power of attorney to vote the stock.

Plaintiff was not shown the stock certificates and at all times thereafter they were in the defendant's possession. Defendant held possession of the stock for ten years, at the end of which time plaintiff revoked the power of attorney and brought an action to recover the stock certificates and the dividends retained by the defendant. The defendant contended that the purported gift had failed for lack of delivery.

The court held that delivery had been effected, relying upon the statement of *Jean v. Jean*, 207 Cal 115, 277 P 313 (1929), that a transfer of shares on the corporate books, together with the issuance of new certificates "constitutes a prima facie case of transfer sufficient to create a legal delivery of the shares and the fact that the donor may retain the certificate does not necessarily overcome this prima facie showing."[1] (12 P2d at 743.)

In the present case the stock was transferred or entered on the corporate books in the name of Mr. Seman and plaintiff as joint tenants with the right of survivorship. Thus, unlike *Lynch* and *Jean, supra*, the donor here retained an undivided interest in the stock, and also a right of survivorship. However, although the donor thus transferred to plaintiff less than his

---

[1] See also Calkins v. Equitable Building & Loan Assoc., 126 Cal 531, 59 P 30 (1899).

entire interest in the stock, the acts recognized in *Lynch* and *Jean* as constituting delivery were as fully present in the case at bar as they were in those cases.

In *Berl v. Rosenberg*, 169 Cal App2d 125, 336 P2d 975, 977, 980 (1959), the court upheld a gift of an undivided interest in stock where there was no physical delivery of the stock to the donee. The donor wrote to his brokers, who had possession of his stock: "I wish to make a joint ownership account with Marion Clemens * * * for sole survivor to take all." The court found that donative intent was clear which, "coupled with the delivery of the letter to plaintiffs [brokers], constituted a valid delivery." Since the letter was not handed to the donee, the "delivery" of the letter could not be considered as a symbolic delivery to the donee of the stock itself.

The letter was simply evidence of the intent to pass title. The *Lynch* case and the *Jean* case, *supra,* are authority for the proposition that the evidence of the intent to pass title need not be in writing. It is our conclusion that under California law there was a valid gift of the stock which vested title in plaintiff.

■ Plaintiff cross-appeals for reasons which we shall now explain. After the trial court had handed down its opinion that plaintiff was entitled to immediate possession of the certificates of stock, plaintiff moved for leave to file a supplemental complaint to recover damages from the date of the filing of the complaint and the date of the judgment.[⊗] The motion was allowed and after several procedural maneuvers by

---

[⊗] The original complaint prayed for damages in the amount of $1,000 purporting to cover the loss between the date of plaintiff's demand and the date of filing the complaint.

both plaintiff and defendant the court heard testimony on the question of damages.

After the evidence was in, defendant made a request to the court that if it found for plaintiff the judgment should be entered against defendant in its representative capacity as executor of Mr. Seman's estate. Plaintiff resisted the request on the ground that defendant was not sued in its representative capacity and that the question of defendant's capacity was not timely raised.

The court entered judgment and then *sua sponte* stayed the execution on the judgment until it was determined by the probate department of the circuit court whether defendant was entitled to be reimbursed from the assets of the Seman estate for any liability imposed upon defendant as a result of the judgment.

We are of the opinion that the judgment was improperly stayed. It is not entirely clear whether in an action for wrongfully withholding property the defendant is entitled to have determined the capacity in which he acted, i.e., as an executor or in a non-representative capacity. We shall assume that in an appropriate case the issue of a defendant's capacity can be litigated in such an action.

■ If it is determined that defendant's conduct was wrongful, plaintiff should recover irrespective of the capacity in which defendant acted. If the defendant was in fact acting in its capacity as executor, it would be entitled to be indemnified out of the estate. We note that plaintiff has a potential right to her father's entire estate, which right is being litigated in proceedings not now before this court. If the plaintiff were to be found the only person entitled to the estate, her recovery against one acting as executor or administra-

tor would, of course, be hollow if the defendant, through indemnification, could deplete the estate by the amount of the judgment. Perhaps this practical consideration would have warranted permitting the defendant to have litigated in the present action the question of the capacity in which it acted. However, it is not necessary for us to decide that question in this case.

■ Assuming that the issue of defendant's capacity could have been litigated in the replevin action, it should have been raised by defendant's pleadings. However, it was not until after trial (although before judgment) that defendant's counsel made the assertion that defendant should have been sued as executor rather than individually. Coming at this late stage in the trial, it was within the trial court's discretion to refuse defendant's request to have the question of its capacity litigated. Once the trial court decided that the question of capacity would not be litigated in the action of replevin and for the recovery of damages, the judgment should not have been stayed; defendant should have been left to his remedy against the estate for reimbursement.

The judgment of the trial court is modified by deleting therefrom the provision staying execution of the judgment.